**PREMIUM ACCEPTANCE CORPORATION,**
Respondent,

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellant.**

No. C8-91-1571.

Court of Appeals of Minnesota.

Feb. 25, 1992.

Review Denied April 29, 1992.

Carl E. Norberg, St. Paul, for respondent.

James K. Helling, Jardine, Logan & O'Brien, St. Paul, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Premium Acceptance Corporation commenced this action against appellant National Union Fire Insurance Company, alleging appellant was obligated to refund an unearned premium on a policy financed by respondent. National Union alleged it was never notified of the existence of a premium finance agreement and that it had remitted the unearned premium to respondent's agent, Rooney & Associates. Both parties sought summary judgment. The trial court granted judgment for respondent, determining that it stood in the shoes of the insured and was entitled to receive the refund of the unearned premium. We reverse and remand.

## FACTS

Respondent is a premium finance company. In October 1988, respondent entered into a premium finance agreement with Mandarin Yen, a restaurant, agreeing to pay Johnson Midwest Agency seventy-five percent of the premium for Mandarin Yen's liability insurance policy. Johnson Midwest Agency contacted Rooney & Associates to obtain insurance for Mandarin Yen. Rooney forwarded the premium payment to appellant National Union.

Based on appellant's later inspection of Mandarin Yen property, the restaurant was determined to be ineligible for coverage, and appellant canceled the policy effective on April 8, 1989. The policy was canceled pro rata, and $13,486 in unearned premium was remitted by appellant to Rooney & Associates. Rooney apparently kept the unearned premium and has since gone out of business.

After being notified of the cancellation in February 1989, Mandarin Yen made no further payments to respondent finance company. On May 5, 1989, respondent notified Mandarin Yen that it would cancel the policy effective on May 14 due to Mandarin Yen's default in payments. Respondent then mailed a cancellation request to Rooney & Associates.

On June 5, 1989, respondent advised National Union,

> THE ABOVE POLICY WAS CANCELED EFFECTIVE 4–8–89 AS PER YOUR NOTICE TO US. THE UNEARNED PREMIUM IS $9,238.18.
>
> MN STATUTE 59A.12 REQUIRES THAT FINANCED PREMIUMS BE RETURNED TO THE PREMIUM FINANCE COMPANY BY THE INSURER FOR THE ACCOUNT OF THE INSURED WITHIN 30 DAYS OF CANCELLATION. I HAVE ENCLOSED A COPY OF THE STATUE [sic].
>
> WE CANNOT UNDERSTAND THE DELAY IN RETURNING THE UNEARNED PREMIUM AND MUST INSIST THAT YOU REMIT THE $9,238.18 WITHIN 30 DAYS OF THE ABOVE DATE.

Respondent finance company commenced this action in April of 1990, alleging National Union had wrongfully refused to pay the unearned premium to respondent. Appellant insurer alleged respondent's damages were caused by its own negligence; that respondent never advised appellant that a premium finance agreement existed; and that appellant had paid the unearned premium to respondent's agent, Rooney & Associates.

Both parties moved for summary judgment. The trial court granted judgment in favor of the finance company. The court stated:

> At hearing, defendant [appellant insurer] conceded that if its insured were the plaintiff in this action, it would tender the policy refund. Relying exclusively on the failure of notice of the existence

of its insured's assignment to plaintiff *prior* to its issuance of the refund to Rooney and Associates, defendant asserts that [*CUPAC, Inc. v. Daly Agency*] relieves them of having to now pay its insured's assignee. The Court disagrees. Now standing in the shoes of the insured, [respondent finance company] is absolutely entitled to the policy premium refund which was never received by the insured. In this regard, it should be noted that defendant makes no argument that the tender of the refund to Rooney and Associates extinguished its obligation to have those monies placed into the hands of its insured. Accordingly summary judgment is appropriate.

(Emphasis in original.). National Union appeals.

## ISSUE

Is the finance company entitled to enforce Mandarin Yen's right to receive unearned premiums?

## ANALYSIS

Summary judgment is appropriate where the moving party has clearly sustained the burden of proving that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

■ National Union first questions whether Rooney can be considered its agent for purposes of paying out the return premium.[1] Under Minn.Stat. § 72A.03 (1990), an agent who acts for a company in negotiating an insurance contract is the company's agent "for the purpose of collecting or securing the premiums therefor." As National Union contends, however, we determined in *CUPAC, Inc. v.*

---

1. Contrary to National Union's argument, the statute governing return premiums, Minn.Stat. § 59A.12 (1990), is equally applicable whether the financed policy is canceled by the insurer or the premium finance company.

*Daly Agency,* 414 N.W.2d 790, 792 (Minn. App.1987), that the agency declared by section 72A.03 goes only to the activities of "negotiating a contract of insurance and collecting premiums." Section 72A.03 is silent regarding whether an agency relationship is created for the purpose of disbursing unearned premium payments.

The trial court was troubled, as are we, that National Union at no time argued Mandarin Yen would not be entitled to recover the unearned premium. Such a recovery would seem to imply an agency relationship between Rooney and National Union for purposes of distributing the unearned premium. The larger question in this case, however, assuming Rooney was an agent of National Union, is whether respondent could stand in Mandarin Yen's stead and assert Mandarin Yen's right to recover the unearned premium.

 We believe respondent cannot assert Mandarin Yen's right to recover the unearned premium. National Union, which had no notice of the finance company's interest in the Mandarin Yen policy, canceled the policy and returned the premium in May of 1989. Respondent, having given no notice to National Union of its interest in the policy, cannot demand a return premium which National Union has already paid. *See CUPAC,* 414 N.W.2d at 793.

 Respondent argues *CUPAC* is inapplicable because the return premium payment in *CUPAC* was made to the benefit of the insured; in the present case, National Union sent the return premium to the agent, Rooney, who kept the money. The rationale and holding of *CUPAC,* however, goes to the rights of the finance company. We conclude that those rights must be determined as in *CUPAC,* not as of the time the finance company asserts a claim, after payment of the return premium first occurs, but as of the time the insurer pays out the unearned premium. When National Union made that payment it was un-

aware of Premium Acceptance Corporation's interest in the unearned premium. National Union cannot be charged with wrongfully paying out an unearned premium where it had no notice of respondent's claim.[2]

## DECISION

Respondent, having failed to advise National Union of its interest, is not entitled to recover an unearned premium National Union has already paid out. We remand to the trial court for entry of the appropriate judgment in favor of appellant National Union.

Reversed and remanded.

2. We need not decide whether Rooney's knowledge of respondent's interest in the policy could be imputed to National Union, as the parties have not raised the issue. Regardless of its knowledge, Rooney did not have authority to

bind National Union on obligations under a premium financing agreement, and National Union had not seen the agreement or agreed to be bound by its terms. *CUPAC,* 414 N.W.2d at 792.